Gaston, Judge.
 

 This case comes before us, on appeal from a decree rendered in the Court of Equity, in the County of Rowan, upon bill and answer, by which decree the defendant is perpetually enjoined from collecting a judgment, which he had recovered against the plaintiff, as the surety of one John A. Chaffin, on a bond executed by the said John and the plaintiff to the defendant. The gravamen of the bill is, that the plaintiff had been induced to execute the bond, by a misrepresentation of the defendant, that John A. Chaffin had authorised him to request the plaintiff to become the said John’s surety. The answer admits that such a representation was made by the defendant to the plaintiff. It denies indeed, that this was done with a fraudulent intent, and sets forth all that passed between the said John and the defendant, from which the defendant inferred that an authority to make such request had been given. This inference was not communicated to the plaintiff as an inference, but stated as a fact. It appears to us, that this inference was unfounded ; that such an authority was not given, and that the representation therefore was not true. If the plaintiff should be compelled to pay this bond, he could have no redress against the principal, because he
 
 did
 
 not execute the bond at the instance or request of the principal. It is against conscience, that the defendant should enforce a recovery upon an engagement, which the plaintiff would not have contracted, but upon the belief that he was entitled to an indemnity from his principal; which belief was a clear mistake, and which mistake was occasioned by an incorrect representation of the defendant himself.
 

 The decree below is to be affirmed with costs.
 

 Per Curiam. Decree affirmed.